IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:11cr46-MHT |
| **MICHAEL WAYNE HICKS** | ) | (WO) |

### OPINION AND ORDER

This cause is before the court on defendant Michael Wayne Hicks's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, currently set for May 16, 2011, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

>     public) of the information or
>     indictment, or from the date the
>     defendant has appeared before a judicial
>     officer of the court in which such
>     charge is pending, whichever date last
>     occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Hicks in a speedy trial.

Hicks's counsel asserts that she filed a notice of appearance on April 14, 2011, and Hicks must notify the court of any guilty plea by noon on May 4, 2011.  This gives Hicks's counsel only three weeks to review almost 1,000 pages of documents, investigate the case, obtain out-of-state records, engage in good-faith negotiations, and prepare for trial.  Furthermore, the government does not oppose the motion for a continuance and Hicks represents that he will not be prejudiced by a continuance in this case.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Michael Wayne Hicks's motion for continuance (doc. no. 16) is granted.

(2) The jury selection and trial, now set for May 16, 2011, are reset for October 24, 2011, at 10:00 a.m. at the Federal Courthouse in Dothan, Alabama.

DONE, this the 2nd day of May, 2011.

                                       /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE